UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>ERIC SHIBLEY,<br><br>　　　　　　　　　Defendant. | Case No. MJ20-385 MLP<br><br>ORDER REVOKING BOND AND DETENTION ORDER |

Offenses charged:

　　Bond Violation

Bond Revocation:  September 28, 2020

　　On June 30, 2020, Defendant appeared for an initial appearance and detention hearing before the undersigned United States Magistrate Judge after which Defendant was released on an appearance bond that included restrictions that he not commit any violations of law.

　　On September 14 and 15, 2020, Probation and Pretrial Services filed Petitions for Warrant for Defendant, alleging that the Defendant violated the terms and conditions of his bond as follows:

　　(1) Committing the crime of assault-domestic violence on or about September 12, 2020, in violation of a standard condition of pretrial services that he not commit a federal, state, or local crime during the period of release.

ORDER REVOKING BOND AND DETENTION
ORDER - 1

    (2) Committing the crime of assault-domestic violence on or about September 15, 2020, in violation of a standard condition of pretrial services that he not commit a federal, state, or local crime during the period of release.

On September 28, 2020, Defendant made his appearance at a bond revocation hearing before the undersigned. He was previously advised of his rights in connection with the Petition for Warrant for Defendant and Report of Supplemental Violations. He was advised of the bond violation allegations. The Court held an evidentiary hearing on the new criminal law violations and found that there was probable cause to believe that Defendant committed a state crime while on release.

Pursuant to 18 U.S.C. § 3148(a)(1), and based upon the factual findings and statement of reasons for detention stated on the record, finds:

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) Based on the exhibits provided by the government during the evidentiary hearing the Court found that there was sufficient evidence to support a probable cause finding that Defendant committed the crimes of domestic violence assault on September 12 and 15, 2020.

(2) Defendant is alleged to committed the underlying crime and the two domestic violence assaults while on probation for violating a no contact/protection order. Defendant is alleged to have failed to appear for his appointments for domestic violation as required by his probation. Defendant's criminal history appears to show that Defendant violated prior protection orders on at least four different occasions. Defendant appears to have provided misleading information to his pretrial service officer when questioned about the recent allegations of domestic violence assault.

(3) The Court finds that given the Defendant's past history of non-compliance with protection orders and failure to follow-up with domestic violence evaluations leads to a finding that the Defendant is unlikely to abide by any condition or combination of conditions of release pursuant to 18 U.S.C. § 3148(b)(2)(B). The Court finds that there are no conditions or

ORDER REVOKING BOND AND DETENTION
ORDER - 2

combination of conditions that will reasonably assure that the Defendant is not a danger to his girlfriend or to other persons or the community.

IT IS THEREFORE ORDERED:

(1) Defendant's bond is hereby revoked;

(2) Defendant shall be detained pending trial, and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Defendant is confined shall deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The Clerk shall direct copies of this Order to counsel for the United States, to counsel for the Defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 28th day of September, 2020.

MICHELLE L. PETERSON
United States Magistrate Judge